IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **BINGO, INC.**, )<br>)<br>Plaintiff, )<br>**vs.** )<br>)<br>**THE LOTTERY CHANNEL, INC., et al.** )<br>)<br>Defendants. ) | Case No. C-1-02-002<br><br>Judge Herman J. Weber |

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

By consent of the parties and pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff Bingo, Inc. moves that this Court grant it leave to amend its complaint. A copy of the proposed Amended Complaint is attached hereto, along with a memorandum in support and proposed agreed order granting the relief requested.

Respectfully submitted,

Daniel J. Buckley    (0003772)
    Email – djbuckley@vssp.com
Eric W. Richardson (0066530)
    Email – ewrichardson@vssp.com
Vorys, Sater, Seymour & Pease LLP
Suite 2100, Atrium Two
221 East Fourth Street
Cincinnati, Ohio 45202
Telephone:   (513) 723-4000
Facsimile:    (513) 723-4056

**Trial Attorneys for Plaintiff Bingo, Inc.**

-2-

## MEMORANDUM IN SUPPORT

Leave of court to amend a complaint is to be freely given. Rule 15(a) of the Federal Rules of Civil Procedure provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only ***by leave of court or by written consent of the adverse party***; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(A) (emphasis added). The United States Court of Appeals for the Sixth Circuit has held that leave to amend shall be liberally granted. General Elec. Co. v. Sargent & Lundy, 916 F.2d 1119, 1129 (6th Cir. 1990); Marks v. Shell Oil Co., 830 F.2d 68, 69 (6th Cir. 1987). The party opposing a motion for leave to amend must demonstrate significant prejudice to warrant the motion's denial. Security Ins. Co. v. Kevin Tucker & Assocs., 64 F.3d 1001, 1008-09 (6th Cir. 1995) (denial of leave to amend reversed as abuse of discretion).

In the present case, Plaintiff Bingo, Inc. seeks the recovery of an internet domain name, "www.lottery.com" ("Domain Name"), which Bingo claims is rightfully the property of Bingo. Although Lottery possessed the Domain Name until recently, Bingo has learned that Lottery has transferred the Domain Name to Lottery's parent company, Games, Inc. As the possessor of property to which Bingo claims rightful ownership, Games is a necessary and indispensable party to this action.

Further, at the settlement conference before this Court on July 24, 2003, the parties reached terms by which the present matter can be resolved. One of the terms of that settlement was to submit for this Court's consideration a proposed agreed order

-3-

entering judgment on the terms of the settlement and asking this Court to retain jurisdiction to hear and enforce the settlement.  One of the signatories to the written settlement agreement -- Games, Inc. -- is not, however, currently a party to this litigation.  Unless joined as a party in this litigation, Games will not be subject to an order of this Court to enforce the settlement agreement in the event that a dispute arises regarding that agreement.

As set forth in the attached Agreed Order Granting Leave to File Amended Complaint, Bingo respectfully requests that this Court grant it leave to amend its complaint to add Games as a party to this litigation.  By their counsel's signature on the attached agreed order, Games and Lottery have consented in writing to the proposed amendment and, thus, the amendment is appropriate under Fed. R. Civ. P. 15(A).  See ("[A] party may amend the party's pleading only by leave of court or **by written consent of the adverse party**; and leave shall be freely given when justice so requires.") (emphasis added).  Additionally, once Games is added as a party to this litigation, all of the parties hereto will submit for the Court's consideration an Agreed Order Entering Judgment on the Parties' Settlement and Dismissing Case.  Thus, rather than causing delay or prejudice, this amendment will allow for the present matter to be dismissed.

For the foregoing reasons, Plaintiff Bingo, Inc. respectfully requests that its motion for leave to amend its complaint be granted.

Respectfully submitted,

s/ Eric W. Richardson
Daniel J. Buckley   (0003772)
        Email – djbuckley@vssp.com
Eric W. Richardson (0066530)
        Email – ewrichardson@vssp.com
Vorys, Sater, Seymour & Pease LLP
Suite 2100, Atrium Two
221 East Fourth Street
Cincinnati, Ohio 45202
Telephone:   (513) 723-4000
Facsimile:    (513) 723-4056

**Trial Attorneys for Plaintiff Bingo, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that, on October 28, 2003, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which should send notification of such filing to Robert F. Brown, Richard T. Lauer, Rendigs, Fry, Kiely and Dennis, LLP, 900 Fourth and Vine Tower, Five West Fourth Street, Cincinnati, OH 45202, counsel for The Lottery Channel, Inc. a/k/a Gamebanc Corporation and Games, Inc., those attorneys of record registered to receive such service by the Court's electronic filing system.

s/ Eric W. Richardson
Daniel J. Buckley   (0003772)
        Email – djbuckley@vssp.com
Eric W. Richardson (0066530)
        Email – ewrichardson@vssp.com
Vorys, Sater, Seymour & Pease LLP
Suite 2100, Atrium Two
221 East Fourth Street
Cincinnati, Ohio 45202
Telephone:   (513) 723-4000
Facsimile:    (513) 723-4056
**Trial Attorneys for Plaintiff Bingo, Inc.**

-4-