IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **BINGO, INC.** ) | Case No. C-1-02-002 |
| Plaintiff, ) | |
| ) | Judge Herman J. Weber |
| vs. ) | |
| ) | |
| **THE LOTTERY CHANNEL, INC.,** ) | |
| **a/k/a GAMEBANC CORPORATION** ) | |
| ) | **AMENDED COMPLAINT** |
| and ) | **WITH JURY** |
| ) | **DEMAND ENDORSED** |
| **GAMES, INC.,** ) | **HEREON** |
| 2300 US Bank Tower ) | |
| 425 Walnut Street ) | |
| Cincinnati, Ohio 45202 ) | |
| ) | |
| Defendants. ) | |

Pursuant to Fed. R. Civ. P. 15(A) and by the written consent of all adverse parties, Plaintiff, Bingo, Inc. states as follows for its amended complaint against Defendants The Lottery Channel, Inc. a/k/a Gamebanc Corporation and Games, Inc.:

I.

**NATURE OF THE ACTION**

1.  As described more fully below, this is an action seeking damages for breach of contract, unjust enrichment and conversion, and seeking the imposition of a constructive trust.

II.

**PARTIES**

2.  Plaintiff, Bingo, Inc. ("Bingo"), is an Anguilla corporation with a principal place of business in Anguilla, British West Indies.

3. Defendant, The Lottery Channel, Inc. a/k/a Gamebanc Corporation ("Lottery"), is a Delaware corporation with a principal place of business in Cincinnati, Ohio.

4. Defendant, Games, Inc. ("Games"), is a Delaware corporation with a principal place of business in Cincinnati, Ohio. Upon information and belief, Games is the parent company of Lottery.

### III.

### JURISDICTION AND VENUE

5. This court possesses subject matter jurisdiction under 28 U.S.C. § 1332 by virtue of the diversity of citizenship of the parties and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper under 28 U.S.C. §§ 1391(b) and 1391(c) because, inter alia, Lottery's principal place of business is located within this judicial district and a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

### IV.

### FACTS COMMON TO ALL CLAIMS

7. Bingo is engaged in the business of selling and licensing the use of various internet domain names.

8. As of November 3, 1998, Bingo was the registered holder of the second-level domain name "lottery.com" ("the Domain Name") under the InterNIC internet domain name registration service then provided and coordinated by Network Solutions, Inc.

9. Lottery is engaged in the business of providing information to the public concerning various lotteries.

10. As of November 3, 1998, Lottery desired to use the Domain Name as the domain name for a website for the provision of such lottery information.

11. On November 3, 1998, Bingo contracted to sell the Domain Name, and transfer the registration thereof, to Lottery. A true and accurate copy of the November 3, 1998 agreement is attached hereto as Exhibit A.

12. Bingo and Lottery amended their November 3, 1998 agreement by subsequent letters dated November 2, 2000; December 20, 2000; February 28, 2001; March 5, 2001; March 12, 2001; March 16, 2001; March 27, 2001; April 3, 2001; April 13, 2001; and April 18, 2001. True and accurate copies of the foregoing letters amendments are attached as Exhibits B-L, respectively. The parties' November 3, 1998 Agreement, as amended through April 18, 2001, is referred to hereinafter as "the Purchase Agreement."

13. Pursuant to the Purchase Agreement, Lottery agreed, among other things, to pay in installments for a specified time a balance of approximately Four Hundred Eighty Thousand Dollars and 00/100 ($480,000.00) to Bingo for the Domain Name.

14. In the event that Lottery failed to make the prescribed minimum monthly payments, Lottery's minimum monthly payment increased and the date by which the full balance had to be paid ("the Determination Date") accelerated.

15. Lottery further agreed that if, among other things, it had not paid the balance of $480,000.00 by the Determination Date, Lottery would

> transfer, assign and relinquish unto Bingo, Inc. the Domain Name and all of the right, title and interest of [Lottery] therein and thereto and in and to the

registration thereof, including any and all trademark and/or servicemark rights which may by then have arisen in favor of [Lottery] at common law or by statute as a result of its use of the Domain Name, and in that regard, shall complete, execute before a notary public and deliver to Bingo, Inc. . . . a registrant name change agreement . . . and shall deliver to Bingo, Inc. all such other documents and/or instruments as may be required to give full effect to this provision.

See Exhibit K, Section 4.1.

16. In accordance with the Purchase Agreement, Bingo transferred the Domain Name to Lottery.

17. Further, Bingo has fully performed all terms, covenants, promises and conditions on its part to be performed under the Purchase Agreement.

18. Lottery has failed and refused to pay any of the $480,000.00 balance required under the Purchase Agreement.

19. Because Lottery failed to make any of the minimum monthly payments, the Determination Date was accelerated to August 1, 2001.

20. To date, Lottery has not paid the $480,000.00 balance owed under the Purchase Agreement, nor has Lottery returned the Domain Name, nor otherwise complied with the Purchase Agreement.

21. Upon breach of the Purchase Agreement, Lottery forfeited to Bingo all rights to, interest in and title to the Domain Name, as well as any rights attendant thereto, as more fully specified in Section 4.1 of the Purchase Agreement. Additionally, Lottery forfeited any right to continue using the Domain Name.

22. In accordance with the Purchase Agreement, Bingo has demanded that Lottery transfer, assign and relinquish unto Bingo the Domain Name and all rights attendant thereto. To date, however, Lottery has failed and refused to do so.

23. Upon information and belief, in violation of its obligations to return the Domain Name to Bingo, Lottery has transferred the Domain Name to its affiliated company, Games.

### COUNT I – BREACH OF CONTRACT

24. Bingo incorporates by reference the allegations set forth in the foregoing paragraphs as if rewritten herein.

25. The Purchase Agreement, as amended through April 18, 2001, is a valid and enforceable agreement and Bingo has fully performed all of its duties and obligations under that Agreement.

26. Upon information and belief, Games has assumed or shared some or all of the obligations or responsibilities of its affiliate, Lottery, under the Purchase Agreement by obtaining the Domain Name and the rights attendant thereto from Lottery. Lottery and Games have breached their obligations under the Purchase Agreement by, among other things, failing to pay Bingo the amounts owed under that Agreement and failing to return to Bingo the Domain Name and the rights attendant thereto.

27. As a direct and proximate result of this breach, Bingo has suffered and will continue to suffer damages in an amount to be proven at trial.

### COUNT II – UNJUST ENRICHMENT

28. Bingo incorporates by reference the allegations set forth in the foregoing paragraphs as if rewritten herein.

29. Bingo conferred a benefit upon Lottery and Games by Bingo's transfer of the Domain Name and the rights attendant thereto to Lottery, which, in turn, made an unauthorized transfer of that Domain Name to its affiliate, Games.

30. Bingo is entitled to the return of the Domain Name and all rights attendant thereto and has not received consideration for the Domain Name and attendant rights to which Bingo is entitled.

31. Lottery and Games have been unjustly and inequitably enriched by their receipt and use of the Domain Name and the rights attendant thereto while refusing to make the payments required under the Purchase Agreement and refusing to return the Domain Name to Bingo in accordance with that Agreement and Bingo's rights.

## COUNT III – CONVERSION AND REQUEST FOR CONSTRUCTIVE TRUST

32. Bingo incorporates by reference the allegations set forth in the foregoing paragraphs as if rewritten herein.

33. Bingo is the rightful owner of, and is entitled to immediate possession of, the Domain Name and all rights attendant thereto.

34. Games' and Lottery's continued possession and use of the Domain Name and rights attendant thereto violates Bingo's right to the return of the Domain Name and such rights and constitutes conversion of Bingo's property. Bingo is entitled to a constructive trust to be placed upon the Domain Name, all rights attendant thereto, and any and all revenues and profits made by Lottery and/or Games by virtue of their conversion.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Bingo, Inc. demands that judgment be entered against Defendant The Lottery Channel, Inc. a/k/a Gamebanc Corporation and Games, Inc. on Counts I, II and III as follows:

(i) That actual damages in excess of $75,000.00 be awarded to Bingo;

(ii)  That a preliminary and permanent injunction issue restraining and enjoining Lottery and Games, their officers, agents, servants, employees and attorneys, and all those persons acting or attempting to act in concert or active participation with it, including, but not limited to, any parent corporation or subsidiary of Lottery, from continuing their unauthorized use of the Domain Name and the rights attendant thereto;

(iii)  That Lottery and Games be compelled to comply with the requirements of the Purchase Agreement and transfer to Bingo the Domain Name and all rights attendant thereto, as set forth more fully in Section 4.1 of the Purchase Agreement;

(iv)  That a constructive trust be placed upon the Domain Name, all rights attendant thereto, and any and all revenues and profits made by Lottery and/or Games by virtue of their use of the Domain Name and the rights attendant thereto; and

(v)  That Bingo be awarded its costs incurred in bringing this action, as well as prejudgment and postjudgment interest on the amounts owed, and attorney fees; and

(vi)  That Bingo be granted such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

*/s/ Eric W. Richardson*
_____
Daniel J. Buckley    (0003772)
        Email – djbuckley@vssp.com
Eric W. Richardson  (0066530)
        Email – ewrichardson@vssp.com
Vorys, Sater, Seymour & Pease LLP
Suite 2100, Atrium Two
221 East Fourth Street
Cincinnati, Ohio 45202
Telephone:  (513) 723-4000
Facsimile:   (513) 723-4056

**Trial Attorneys for Plaintiff Bingo, Inc.**

## JURY DEMAND

Plaintiff Bingo, Inc., by and through counsel, hereby demands a trial by jury on all issues.

_____
Eric W. Richardson

## CERTIFICATE OF SERVICE

I hereby certify that, on October 27, 2003, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which should send notification of such filing to Robert F. Brown, Richard T. Lauer, Rendigs, Fry, Kiely and Dennis, LLP, 900 Fourth and Vine Tower, Five West Fourth Street, Cincinnati, OH 45202, counsel for The Lottery Channel, Inc. a/k/a Gamebanc Corporation and Games, Inc., those attorneys of record registered to receive such service by the Court's electronic filing system.

_____
Daniel J. Buckley    (0003772)
          Email – djbuckley@vssp.com
Eric W. Richardson  (0066530)
          Email – ewrichardson@vssp.com
Vorys, Sater, Seymour & Pease LLP
Suite 2100, Atrium Two
221 East Fourth Street
Cincinnati, Ohio 45202
Telephone:  (513) 723-4000
Facsimile:    (513) 723-4056

**Trial Attorneys for Plaintiff Bingo, Inc.**