IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **BINGO, INC.,** | ) |
| | ) Case No. C-1-02-002 |
| | ) |
| Plaintiff, | ) Judge Herman J. Weber |
| vs. | ) |
| | ) |
| **THE LOTTERY CHANNEL, INC., et al.** | ) |
| | ) |
| Defendants. | ) |

### AGREED ORDER
### ENTERING JUDGMENT ON PARTIES' SETTLEMENT AND DISMISSING CASE

The parties have advised the Court that they have reached a settlement of their differences in the above litigation and have memorialized their agreement in a Settlement Agreement and Release of Claims ("Settlement Agreement"), filed under seal in this matter. The parties have jointly requested that the Court enter judgment on the terms of that settlement and to retain jurisdiction to hear and resolve any disputes that arise in connection therewith in the future. Further, in accordance with the terms set forth in the Settlement Agreement, the parties have requested that the Court enter an order upon the terms set forth below.

Accordingly, upon agreement of the parties and for good cause shown, the Court hereby ORDERS as follows:

(1) Judgment is ENTERED upon the terms of the Settlement Agreement and Release filed in this matter, the terms of which are hereby incorporated by reference, with each party to bear its own costs;

(2) Pursuant to paragraph 4.6 of the parties' Settlement Agreement, Games, Inc. ("Games") has executed and delivered to Bingo, Inc. ("Bingo") a copy of the letter attached as Exhibit C to the Settlement Agreement ("Transfer Letter"), authorizing the transfer of the

registration of the domain name "www.lottery.com" ("Domain Name") from Games to Bingo.

In the event of a default, as set forth in paragraph 4.5 of the Settlement Agreement, Bingo is entitled to the transfer of the registration of the Domain Name to Bingo and is authorized to forward the Transfer Letter to VeriSign, Inc. or its successor then maintaining and operating the domain name registry service. Games is hereby ORDERED not to countermand, thwart or contradict the instructions given in the Transfer Letter, and ENJOINED from doing so.

In the event that Games disputes Bingo's assertion that a default has occurred, Games shall nonetheless be ENJOINED from interfering with the transfer of the Domain Name to Bingo by VeriSign, Inc. or any other entity then maintaining the applicable domain name registry service. If Games disputes that an event of default has occurred as set forth in paragraph 4.5 of the Settlement Agreement, Games, as its sole recourse, shall file an action in this Court seeking to enforce the terms of the Settlement Agreement.

(3)   This matter is DISMISSED with prejudice, except that the Court hereby expressly retains jurisdiction of this matter to enforce the terms of this Agreed Order and the terms of the parties' Settlement Agreement.

**IT IS SO ORDERED.**

_____
Herman J. Weber, Senior Judge
United States District Court

Respectfully submitted,

_/s/ Eric W. Richardson_
Daniel J. Buckley    (0003772)
Eric W. Richardson (0066530)
Vorys, Sater, Seymour and Pease LLP
Suite 2100, Atrium Two
221 East Fourth Street
Cincinnati, Ohio  45202
Telephone:   (513) 723-4000
Facsimile:    (513) 723-4056

Trial Attorneys for Plaintiff Bingo, Inc.

_/s/ Richard T. Lauer_
Richard T. Lauer    (0063467)
Rendigs, Fry, Kiely and Dennis, LLP
900 Fourth and Vine Tower
Five West Fourth Street
Cincinnati, OH 45202
Telephone:   (513) 381-9343
Facsimile:    (513) 381-9335

Trial Attorney for The Lottery Channel, Inc. and Games, Inc.